# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# ELKINS

ANDRIA DONNELLAN,
an incompetent adult; and
BRENDA DONNELLAN,
as legal guardian, etc.,

    Plaintiffs,

v.                                                 Civil Action No. 2:08-CV-93
                                                         (BAILEY)

UNITED SUMMIT CENTER,
a West Virginia Corporation;
MARTHA V. WALKER, SECRETARY
OF THE WEST VIRGINIA
DEPARTMENT OF HEALTH AND HUMAN
RESOURCES,
a West Virginia State Agency;
COORDINATING COUNCIL FOR
INDEPENDENT LIVING,
a West Virginia Corporation; and
WEST VIRGINIA EMS TECHNICAL
SUPPORT NETWORK,
a West Virginia Company,

    Defendants.

## ORDER GRANTING DEFENDANT UNITED SUMMIT CENTER, INC'S MOTION TO STRIKE OR, IN THE ALTERNATIVE, TO ORDER A SEPARATE TRIAL ON PLAINTIFFS' SUPPLEMENTAL PLEADING

Currently pending before the Court is Defendant United Summit Center, Inc.'s Motion to Strike or, in the Alternative, to Order a Separate Trial on Plaintiffs' Supplemental Pleading [Doc. 67], filed April 5, 2010. Plaintiffs responded on April 20, 2010. This Court, having reviewed the motion and the record, finds that the motion should be **GRANTED**.

1

# **BACKGROUND**[1]

This action arises from a dispute between the legal guardian of an incompetent adult and her health care providers. Specifically, Andria Donnellan ("Andria"), a recipient of Medicaid's Mental Retardation Developmental Disability Waiver ("Title XIX") services, and Brenda Donnellan ("Brenda"), brought this action in the Circuit Court of Lewis County, West Virginia, against the United Summit Center ("USC"), the medical center providing mental health, assisted living, and other services in Andria's home. In addition to USC, the plaintiffs named as defendants the case management agency, the advocacy agency, and the Department of Health and Human Resources ("DHHR"). The plaintiffs allege that Defendants have violated the provisions of Title XIX of the Social Security Act, 42 U.S.C. § 1396, *et seq*.

On September 17, 2008, the defendants removed this case to federal court based upon federal question jurisdiction. Subsequent to removal, this Court ordered the plaintiffs to "file an amended complaint . . . setting forth factual bases for the allegations against each of the defendants named therein." ([Doc. 35] at 4). On February 23, 2009, the plaintiffs, as ordered, filed an Amended Complaint [Doc. 36].

On March 25, 2009, the plaintiffs filed a Motion for Leave [Doc. 42], requesting leave to supplement the Amended Complaint to reflect Andria's recent ankle injury at her home while being provided services by USC and "additional acts and/or omissions [that] have recently occurred." ([Doc. 42] at 2). Given as an example of these additional acts or

---

[1]Because the factual history is sufficiently outlined in its Order Granting in Part and Denying in Part Department of Health and Human Resource's Motion to Dismiss, the Court will only discuss the facts, here, as is necessary to describe the current procedural posture.

omissions, the plaintiffs allege that, "there have been no meetings of the Interdisciplinary Team since the commencement of suit in this matter, despite clear mandates under Title XIX and the regulations implementing it that such meetings must occur every 90 days." (Id.).

On April 8, 2009, this matter was stayed until June 30, 2009, pursuant to an Agreed Order [Doc. 44] to pursue settlement. After the parties' efforts to settle this matter were unsuccessful, this Court entered a Second Amended Scheduling Order [Doc. 51] on September 2, 2009, extending the discovery deadline of this case to March 1, 2010. Subsequently, this Court granted the plaintiffs' Motion for Leave on October 7, 2009 [Doc. 56], finding that the claims in the proposed Supplement were sufficiently related to the Amended Complaint and that no good cause was shown for denying leave to supplement. Over five months later, on March 24, 2010, the plaintiffs filed their Supplement to Amended Complaint [Doc. 66], alleging an additional count of negligence against USC as a result of Andria's injury and seeking a variety of damages. Just two weeks before, on joint motion of the parties, this Court again amended the Scheduling Order and ordered that discovery be completed by May 3, 2010 [Doc. 65].

On April 5, 2010, USC filed the instant motion requesting that this Court either strike, or order a separate trial on, the claims raised in the plaintiffs' Supplement. In support of this request, USC argues that the plaintiffs' five-month delay in filing their Supplement precluded discovery on the newly-raised issues before the March 1, 2010, deadline and significantly prejudices their attempt to conduct discovery on these issues before the recently-extended May 3, 2010, deadline. (See [Doc. 68] at 3-4).

In response, the plaintiffs argue that ordering a separate trial on their Supplement

3

would "throughly defeat this Court's stated purpose of promoting judicial economy" and would essentially reverse this Court's previous Order granting leave to supplement. ([Doc. 74] at ¶¶ 1-2). As a justification for the five-month delay in filing, the plaintiffs state that USC had indicated it was interested in settling the claim separately. (Id. at ¶ 4). Lastly, the plaintiffs argue that "[a]nother adjustment of the Scheduling Order to accommodate discovery on the personal injury claim would prejudice no party." (Id. at ¶ 6).

## DISCUSSION

I. **Standard**

Rule 42(b) of the Federal Rules of Civil Procedure provides that:

For convenience, to avoid prejudice, or to expedite and economize, [a] court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims . . ..

The decision to bifurcate claims under Rule 42(b) is dedicated to the district court's sound discretion. **Arch Specialty Ins. Co. v. Go-Mart, Inc.**, 2009 WL 2244772 (S.D. W.Va. July 24, 2009) (citing **Shetterly v. Raymark Indus., Inc.**, 117 F.3d 776, 782 (4th Cir. 1997). "The provision for separate trials in Rule 42(b) is intended to further the parties' convenience, avoid delay and prejudice, and serve the ends of justice." **Id.** (quoting 9 Charles Wright, **Federal Practice and Procedure** § 2338 (2004)).

II. **Analysis**

USC argues that, "[w]hile the Court's Order allowing leave to supplement did not set a time within which they were required to file their supplement, it clearly did not contemplate that the Plaintiffs would wait five months, until after the then-applicable deadline for discovery completion had passed, to file their supplement." ([Doc. 68] at 2). This Court

agrees.

Ordering a separate trial on the plaintiffs' personal injury claim against USC will not "thoroughly defeat" the promotion of judicial economy, as the plaintiffs argue. Rather, adjusting the Scheduling Order in this case for the fourth time as a direct result of the plaintiffs' five-month delay filing their supplemental pleading would cut against any interest in judicial economy. Specifically, when this Court granted the plaintiffs leave to file a supplemental pleading, the deadline for discovery was March 1, 2010. Since then, the discovery deadline has again been extended to May 3, 2010. The plaintiffs filed their supplemental pleading on March 24, 2010, giving USC only five weeks within which to conduct discovery on a personal injury claim, which will undoubtedly require an independent medical evaluation and expert testimony on the standard of care and Andria's medical condition. As USC notes, both of these deadlines have passed months ago. Hence, the personal injury claim can only be fairly adjudicated if this Court were to again adjust the Scheduling Order. That this Court will not do.

Therefore, in the interest of promoting judicial economy, this Court **ORDERS** a separate trial of the claims raised in the plaintiffs' Supplement. As this claim is one of common law negligence and there exists no diversity between the parties involved, the trial must be conducted in state court. Accordingly, USC's motion is hereby **GRANTED**.

## **CONCLUSION**

For the foregoing reasons, the Court finds that Defendant United Summit Center, Inc.'s Motion to Strike or, in the Alternative, to Order a Separate Trial on Plaintiffs' Supplemental Pleading [Doc. 67] should be, and hereby is, **GRANTED**.

5

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED:** April 26, 2010.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE